In the Matter of Smith Fireproof Construction Co., Inc., Respondent, against Thompson-Starrett Company, Appellant.

Contract — arbitration — construction of arbitration clause in building subcontract — delays and hindrances — alterations in work and additions thereto — subcontractor caused additional expense in removing hoists and cement plant and for additional men and overtime — alteration in form of construction — erroneous appointment of third arbitrator by court.

1. Under a provision in a building subcontract that arbitration was to be invoked in case the parties disagreed " in relation to any clause in this contract," disputes as to delays and hindrances not referable to a particular clause are not arbitrable.

2. By a further provision making " all clauses " applicable " to any changes, omissions or extra work ", the arbitration clause was made applicable to disputes as to additional costs caused by alterations of the work, or additions thereto.   They were, therefore, arbitrable.

3. Claims for additional expense caused the subcontractor by its being required to dismantle and remove cement mixing plants and hoists, by restrictions imposed on its use of a platform hoist and by its being compelled to employ additional workmen and work its employees overtime are not arbitrable where the disputes involved are not referable to any clause of the contract,

4. Disputes in relation to damages occasioned the subcontractor by alterations made in the form of floor construction are clearly arbitrable under the provision of the contract making the arbitration clause applicable " to any changes, omissions or extra work."

5. Where the contract provided that the two arbitrators named by the parties should themselves select a third, it was error for the court to make the designation.

*Matter of Smith Fireproof Construction Co.* v. *Thompson-Starrett Co.*, 221 App. Div. 841, modified.

(Argued January 20, 1928; decided February 14, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 14, 1927, which unanimously affirmed an order of Special Term directing that arbitration proceed between the parties hereto.

*Frederick Hulse* for appellant. The papers submitted upon the application do not show that any dispute has arisen between the parties such as is contemplated to be arbitrated by the contract. (*Matter of Gen. Silk Imp. Co.*, 200 App. Div. 786; 234 N. Y. 513; *Matter of Young* v. *Crescent Dev. Co.*, 240 N. Y. 244; *Borough Constr. Co.* v. *City of New York*, 200 N. Y. 149.)

*Adolph Hirsch Rosenfeld* for respondent. The disagreements between the parties relate to the clauses in the contracts, and the court properly ordered the Thompson-Starrett Company to arbitrate, pursuant to the very contracts prepared by it. (*Matter of Wenger & Co.* v. *Propper S. H. Mills*, 239 N. Y. 199; *Faber* v. *City of New York*, 22 N. Y. 225; *Matter of Buxton* v. *Mallery*, 245 N. Y. 337; *Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261.)

KELLOGG, J. The respondent, Smith Fireproof Construction Company, Inc., made a contract with the appellant, Thompson-Starrett Company, whereby, for a consideration expressed, it agreed, as " Sub Contractor," to perform all concrete construction work required in the erection of a building, which the Thompson-Starrett

Company, designated " Contractor," had agreed to erect. The contract contained the following provision: " In case the parties hereto disagree in relation to any clause in this contract, the question shall be referred to a Board of Arbitration consisting of three (3) disinterested parties, one nominated by Contractor, one by Sub Contractor, these two to select a third." The contract further provided that the contractor might, from time to time, order extra work to be performed and make any changes in the work of construction which it saw fit. In case of disagreement as to additional sums to be paid, or as to additional time required by subcontractor, because of altered or additional work, the dispute was to be submitted to arbitration. The contract also contained the following clause: "All clauses of this Contract shall apply to any changes, omissions or extra work in like manner and to the same extent as to the work contracted for, and no changes, omissions, or extra work shall annul or invalidate this contract."

Obligations not to delay or hinder the subcontractor in the performance of the work were doubtless imposed by implication upon the contractor. However, the implication arose, not from a particular contract clause, but from the entire contract and the relationship which was thereby established between the parties. Arbitration was to be invoked in case the parties disagreed " in relation to any clause in this contract." Disputes as to delays and hindrances, not being referable to " any clause in this contract," were not made arbitrable by the parties. The further provision which we have quoted made " all clauses " of the contract applicable " to any changes, omissions, or extra work." Doubtless the arbitration clause was one of the clauses thus made applicable. Consequently, disputes as to additional costs, caused by alterations of the work, or additions thereto, were made arbitrable.

The subcontractor complains that the contractor

delayed the commencement of the work and caused its performance to be unduly prolonged, to the damage of the subcontractor. Disputes of this character do not relate to " any clause in this contract " and, for this reason, are not arbitrable. Moreover, the petitioning subcontractor expressly stated in the papers filed by it: " The petitioner makes no claim for delay due to no fault of the petitioner, but the delay was mentioned in order to explain the changes, orders and directions of Thompson-Starrett Company to complete its contract with Gimbel Brothers."

The subcontractor also complains that it erected two cement mixing plants and hoists and one platform hoist at points designated by the contractor; that it was subsequently required by the contractor to dismantle and remove the two cement mixing plants and hoists at great expense to itself; that it was forbidden by the contractor to use the platform hoist except during certain hours of the day; that as a result it was compelled to use a passenger elevator for hoisting concrete and delivering it upon the work; that it was thereby caused great additional expense in the prosecution of the work. It also complains that it was compelled by the contractor to employ a large force of additional workmen, and to work its employees overtime, with a consequent loss of efficiency and a great increase of cost. No clause in the contract relates to the removal of hoists and plants once installed, or to restrictions upon the use of platform hoists. No clause in the contract gave to the contractor the right to compel the subcontractor to use an additional force of men or to work employees overtime. The subcontractor's claims for damages in respect to these items, therefore, are not arbitrable, since the disputes involved are not referable to any clause in the contract.

The contract called for a monolithic cement finish upon substantially every floor of the building. This form of construction was changed, by order of the con-

tractor, to a fill and finish job.  The subcontractor claims that it performed the altered work of construction at great expense and loss of time to itself.  Disputes in relation to damages occasioned to the subcontractor by the alterations made were clearly arbitrable under that provision of the contract which made the arbitration clause applicable " to any changes, omissions, or extra work."

. The order appealed from required the Smith Fireproof Construction Company, Inc., and the Thompson-Starrett Company each to select its own arbitrator, designated by name a third arbitrator, and directed the parties to proceed to arbitration.  The contract provided that the two arbitrators named by the parties should themselves select the third arbitrator.  It was, therefore, error for the court to make the designation.

The order should be modified in accordance with the opinion and, as modified, affirmed, without costs.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; POUND, J., not sitting.

Ordered accordingly.